# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTICE FOREMAN,<br><br>    Petitioner,<br><br>    v.<br><br>TRENT ALLEN,<br><br>    Respondent. | Case No. 1:23-cv-00390-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 21) |

    Petitioner Prentice Foreman is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 2, 2023, the Court received the instant motion for appointment of counsel. (ECF No. 21.)

    There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

    Petitioner argues that counsel should be appointed because the issues presented in his petition are highly complex and will require experts, he lacks education and is physically

1  impaired, and factual disputes are at the heart of Petitioner's case and Petitioner cannot
2  investigate crucial facts or interview witnesses. (ECF No. 21 at 3–7.) Upon review of the petition
3  and the instant motion, the Court finds that Petitioner appears to have a sufficient grasp of his
4  claims and the legal issues involved and that he is able to articulate those claims adequately with
5  assistance. The legal issues involved are not extremely complex, and Petitioner does not
6  demonstrate a likelihood of success on the merits such that the interests of justice require the
7  appointment of counsel at the present time.

8      Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel
9  (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated:   **June 6, 2023**                              /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE