**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRENTICE FOREMAN,<br><br>             Petitioner,<br><br>     v.<br><br>TRENT ALLEN,<br><br>             Respondent. | Case No.: 1:23-cv-00390 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S REQUEST FOR STAY, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 23, 24) |

Prentice Foreman is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (Doc. 1.) The assigned magistrate judge found that Petitioner did not raise a colorable cumulative error claim and his request for stay was not warranted. (Doc. 24 at 48-49.) Accordingly, the magistrate judge recommended the petition for habeas corpus and Petitioner's request for a stay be denied. (*Id*. at 49.)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days. (Doc. 24 at 50.) The Court advised him that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id*., citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed. According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court

concludes the Findings and Recommendations are supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court also declines to issue a certificate of appealability in connection with his 28 U.S.C. § 2254 motion. A court may issue a certificate of appealability where the moving party has "made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If a court denies a habeas petition on the merits, a certificate of appealability will only issue "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While the petitioner is not required to prove the merits of his case, he must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 323-24 (citing *Slack*, 529 U.S. at 1039-1040). This requires proof of "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* at 338 (internal quotation marks omitted).

The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied is debatable or wrong, or that Petitioner should be allowed to proceed further. Petitioner has not made the required "substantial showing" of the denial of a constitutional right. 28 U.S.C.A. § 2253(c)(2). For this reason, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on November 7, 2023 (Doc. 24) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.
3. Petitioner's request for a stay (Doc. 23) is **DENIED**.
4. The Clerk of Court is directed to close the case.
5. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 25, 2024**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

2